UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DANIEL L. CULP,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM ROCKY HAMLEY d/b/a Precision Mechanical,<br><br>Defendant. | 5:26-CV-05101-KES<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT AND NOTICE OF RULE 4(m) |

Plaintiff, Daniel Culp, filed a pro se lawsuit (Docket 1) and moves for leave to proceed in forma pauperis (Dockets 2, 6). After Culp filed his original financial affidavit (Docket 6), he filed a “Notice of Status Update” to inform the court that he has been approved for, and is currently receiving, Social Security Disability Insurance benefits, which he described as a “material change in circumstances[.]” Docket 10 at 1. Therefore, the court directed Culp to submit an updated AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) providing the court with current information so that it could evaluate his motion for leave to proceed in forma pauperis in light of the change in his financial circumstances. Docket 11. On November 4, 2026, however, Culp paid the full $405 filing fee. Therefore, Culp’s motions for leave to proceed in forma pauperis (Dockets 2, 6) are denied as moot.

Because Culp has paid the full filing fee and is not proceeding in forma pauperis, he is not automatically entitled to service by the United States

Marshals Service. *See* Fed. R. Civ. P. 4(c)(3). Thus, the court provides Culp notice of Rule 4(m) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Culp is on notice of the court's intention to dismiss his complaint without prejudice if he does not provide proof of service upon defendant by **December 9, 2026**. If Culp fails to serve defendant by December 9, 2026, his complaint will be dismissed without prejudice pursuant to Rule 4(m), unless he can show good cause for his failure to serve defendant.

Culp has also filed a motion to appoint counsel. Docket 7. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id.* Culp is not proceeding in forma pauperis. Further, the court believes Culp is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Docket 7, is denied at this time.

Thus, it is ORDERED:

1. That Culp's motions for leave to proceed in forma pauperis (Dockets 2, 6) are denied as moot.

2. That the Clerk's Office shall mail to Culp one blank summons form so that he may arrange for his own service of process on defendant.

3. That Culp will make proper service of the summons and complaint upon defendant by **December 9, 2026**, or his complaint will be dismissed without prejudice pursuant to Rule 4(m), unless he can show good cause for his failure to serve defendant.

4. That Culp's motion to appoint counsel (Docket 7) is denied at this time.

Dated November 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE